# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ANTHONY H. WILLIAMS,
    Plaintiff,

v.                                           Case No. 16-CV-614

LORA BLASIUS and
DR. ENRIQUE LUY,
    Defendants.

## ORDER

Plaintiff, Anthony Williams, is proceeding *pro se* on Eighth Amendment claims that defendants delayed his treatment for a knee injury and failed to comply with other doctors' orders regarding his treatment. He is also proceeding on an Eighth Amendment claim that the State has a policy or custom of not following other doctor's orders regarding prisoners. Before me now are various motions filed by plaintiff.

On July 22, 2016, the court received plaintiff's motion to amend his complaint, a proposed amended complaint, a motion to add parties, and a motion to create a class of correctional officer defendants for plaintiff's policy claim. A couple of weeks later, the court received a motion to add parties and a proposed second amended complaint. I will deny as moot plaintiff's motion to amend his complaint and his first motion to add parties because plaintiff's second motion to add parties superseded those motions.

I also will deny plaintiff's motion to create a class of correctional officer defendants. No class is necessary because plaintiff's claims against the named defendants in their official capacities are against the State itself. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). If I conclude that the State had such a policy

and that it violated plaintiff's constitutional rights, any injunctive relief ending the policy would apply throughout the Wisconsin Department of Corrections. *See Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985). There is no need to name all correctional officers who have taken part in enforcing the policy or may in the future.

I will grant plaintiff's second motion to add parties (ECF No. 17) and screen plaintiff's proposed second amended complaint (ECF No. 16) pursuant to 28 U.S.C. § 1915(e)(2). Plaintiff has stated Eighth Amendment claims against defendants Luy, Blasius, Meuller, Murphy, Mahillither, Weilly, and Einwalther regarding his delayed treatment for a knee injury and failure to comply with other doctors' orders regarding his treatment. Each of these defendants was personally involved in plaintiff's treatment in some way.

I also will allow plaintiff to proceed on his Eighth Amendment claim that the State has a policy or custom of not following orders regarding prisoners from doctors outside the prison. Plaintiff may proceed on this claim against each of the defendants in their official capacities.

I will order service of plaintiff's second amended complaint and enter a scheduling order after defendants file an answer to this second amended complaint.

I now turn to plaintiff's motion for a preliminary injunction. He asserts that he had not been scheduled for a timely follow up appointment with an outside doctor regarding muscle weakness in his left quadriceps. Plaintiff asks the court to order the prison to schedule the follow up appointment. He also suggests that defendants falsified and re-dated documents regarding plaintiff's treatment in 2014.

2

A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 22 (2008) (citing *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (per curiam)). The injunctive relief plaintiff seeks, a follow up appointment in 2016, does not relate to his underlying claims regarding the treatment he received in 2014. As a result, I cannot grant plaintiff the injunctive relief he seeks. *See Hashim v. Hamblin*, No. 14-cv-1265, 2016 WL 297465, at *4 (E.D. Wis. January 22, 2016) ("Plaintiff's requests for injunctive relief are not connected to the claims he is proceeding on in this case. He may not seek relief in connection with these claims in this lawsuit." (citations omitted)).

Finally, I will address plaintiff's letter brief docketed as a motion for extension of time. In the letter, plaintiff asks me to accept his response to defendants' answer. I will deny this motion as moot because the response has already been filed and therefore was already "accepted." However, I note that such a response is unnecessary. When defendants filed their answer to his second amended complaint, plaintiff should not file a response.

For the reasons stated, **IT IS ORDERED** that plaintiff's motion to amend complaint (Docket #12) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that plaintiff's motion to add party (Docket #12) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that plaintiff's motion to create a class of correctional officer defendants (Docket #13) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion to add parties (Docket #17) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for preliminary injunction (Docket #19) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for extension of time (Docket #24) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that the following defendants are added as defendants: Nurse Page Meuller, Vorb Dr. Murphy, Nurse Mahilither, Nurse Weilly, and K. Einwalther.

**IT IS FURTHER ORDERED** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this court, copies of plaintiff's second amended complaint and this order are being electronically sent today to the Wisconsin Department of Justice for service on the following state defendants: Nurse Page Meuller, Vorb Dr. Murphy, Nurse Mahilither, Nurse Weilly, and K. Einwalther.

**IT IS ALSO ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this court, all defendants shall file a responsive pleading to the proposed second amended complaint within sixty days of receiving electronic notice of this order.

Dated at Milwaukee, Wisconsin, this 4th day of February, 2017.

s/ Lynn Adelman
_____
LYNN ADELMAN
United States District Judge